UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CYNTHIA O'NEAL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DISCOVERY INDIANA EMPLOYER, )<br>LLC, d/b/a DIGBY PLACE and )<br>DISCOVERY SENIOR LIVING )<br>HOLDINGS, LLC. )<br>)<br>Defendants. | Cause No. 2:25-CV-75-PPS-JEM |

## OPINION AND ORDER

Plaintiff Cynthia O'Neal claims that she is the victim of race discrimination by her former employer who has responded to this lawsuit by moving to compel arbitration. [DE 13]. Because the Plaintiff's employment agreement plainly requires arbitration of this dispute, and the Defendant has not waived its right to enforce it, the motion must be granted.

### Background

On January 27, 2025, Plaintiff Cynthia O'Neal initiated this lawsuit by filing a complaint in the Tippecanoe County Superior Court No. 2. [DE 6]. O'Neal brings this action against Discovery Indiana Employer, LLC, d/b/a Digby Place and Discovery Senior Living Holdings, LLC (together, "Discovery Indiana" or "Defendants"), her former employer, alleging racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. [*Id.*] On February 18, 2025, Defendants removed this case

to federal court. [DE 1]. Following removal, the case has proceeded through the beginning stages of litigation. Defendants filed an answer to the complaint on March 25, 2025, and the parties conferred to discuss discovery in the case and filed a proposed discovery plan on May 9, 2025. [DE 7; DE 11]. Nothing else has happened. Then, on May 30, 2025, Defendants filed the instant motion arguing that the claims asserted in the complaint are subject to a valid and enforceable arbitration agreement and requesting the Court compel arbitration and stay the case. [DE 13].

## Discussion

Section 2 of the Federal Arbitration Act ("FAA") states:

> A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist in law or in equity for the revocation of any contract . . .

9 U.S.C § 2.

As explained in Defendants' brief in support of their motion to compel arbitration, the Supreme Court has held that arbitration agreements in the employment context are enforceable under the FAA. [DE 14 at 4]; *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 118-124 (2001). The validity of an arbitration agreement is determined by reference to state contract law. *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 733 (7th Cir. 2002). Under Indiana law, when an employee consents to an arbitration agreement and receives employment or continued employment, all the elements of a valid contract are met. *Shimkus v. O'Charley's, Inc.*, 2011 WL 3585996, at *4 (N.D. Ind. Aug. 16, 2011).

2

Plaintiff does not dispute that she entered into the arbitration agreement, that the arbitration agreement is valid, or that the dispute at issue in this case is covered by the arbitration agreement. Therefore, the arbitration agreement in this instance is a valid and enforceable agreement. *Walsh v. McDevitt*, 654 F. Supp. 3d 744, 762 (C.D. Ill. 2023) ("The general rule in the Seventh Circuit is that a party's failure to respond to an opposing party's argument implies concession.").

The Seventh Circuit has stated, "[t]o compel arbitration, a party need only show: (1) an agreement to arbitrate, (2) a dispute within the scope of the arbitration agreement, and (3) a refusal by the opposing party to proceed to arbitration." *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 466 F.3d 577, 580 (7th Cir. 2006). Here, all three elements are met. Defendants have provided evidence (in the way of exhibits to their briefing) that the parties entered into an agreement to arbitrate and that this dispute is within the scope of the arbitration agreement. As I've explained, Plaintiff does not dispute this. Nevertheless, Plaintiff has filed suit and refuses to arbitrate despite repeated requests from the Defendants. [DE 18 at 2].

Plaintiff was hired as the Care Manager for Discovery Indiana in January 2024. [DE 13-1, Ex. 1, Shaughnessy Decl. at ¶4]. Discovery Indiana contracts with Paychex which administers various human resources services and payroll administration for Discovery Indiana. Paychex also assists Discovery Indiana by providing employment policies and documents to new hires upon the commencement of their employment. [*Id.* at ¶6]. Prior to beginning her employment, Ms. O'Neal went through the process of

3

completing Paychex's employee onboarding packet for Discovery Indiana. [*Id.* at ¶7]. As part of her onboarding process, Ms. O'Neal signed a document titled "Employee Acknowledgements" which contained the pertinent arbitration provision. [*See* DE 13-2, Ex. A to Shaughnessy Decl.; DE 13-3, Ex. B to Shaughnessy Decl.]. Here's what it says:

> In exchange for the mutual promises contained in this Agreement, and as a condition of Employee's continued employment with Company, Company, Employee, and Paychex (Collectively, the "Parties") agree that, subject to the exclusions in Section 2, **any claim, dispute, or controversy arising out of or relating to Employee's employment** with Company, application for employment or the separation of that employment ("Disputes") **must be submitted to final and binding arbitration** in accordance with the terms of this Agreement.

[DE 13-3 at 1, Ex. B to Shaughnessy Decl.] (emphasis added).

The Parties do not dispute that they entered into a binding arbitration agreement or that the subject of this lawsuit is properly covered by the agreement. Plaintiff's sole argument against arbitrating this dispute is that the Defendants have waived their right to arbitrate by availing themselves of the court. According to the Plaintiff, this is so because instead of raising the matter of arbitration when this suit was first filed in state court, the Defendants "instead sought out and actively removed the case to federal court." [DE 16 at 1]. Plaintiff also states that "Defendants' counsel participated in the parties' 26(f) planning meeting . . . then waited several more weeks until their discovery responses were very nearly due to move to compel arbitration." [*Id.* at 2].

When deciding whether the contractual right to arbitrate has been waived, I consider the "totality of the circumstances" and determine whether "based on all the

4

circumstances", a party has acted inconsistently with the right to arbitrate. *Ernst & Young LLP v. Baker O'Neal Holdings, Inc.*, 304 F.3d 753, 756 (7th Cir. 2002). As explained in Defendants' briefing, Defendants first raised arbitration in their answer to Plaintiff's complaint. [DE 18 at 2]; [DE 7 at 13]. Defendants then asserted that the case should be moved to arbitration per the arbitration agreement in the Parties' Rule 26(f) report. [DE 11 at 1]. Shortly thereafter, the Defendants filed the instant motion seeking to compel arbitration. [*See* DE 13]. None of these actions strike me as giving any indication of an intent to waive the arbitration agreement. Quite the contrary. As pointed out by Defendants, they have not exchanged any discovery or responded to any discovery requests. [DE 18 at 2]. Viewing this brief litigation as a whole, it does not appear to me that the Defendants have acted inconsistently with their right to arbitrate this dispute.

Several courts have held that participating in preliminary stages of litigation, alone, is not sufficient to waive the Defendants' right to arbitrate this dispute. *See, e.g., Cerna v. Prestress Servs. Indus. LLC*, 2011 WL 1884547, at *10 (N.D. Ind. May 18, 2011) (defendant's removal to federal court and answer, which included the arbitration requirement as a defense, over a six-month period, did not establish waiver); *Hoenig v. Karl Knauz Motors, Inc.*, 983 F. Supp. 2d 952, 965 (N.D. Ill. 2013) (finding the totality of the circumstances did not show waiver, where defendant filed its answer, issued a Rule 68 offer of judgment, co-produced and filed a joint status report, appeared before the Court for a status hearing, and participated in initial discovery before seeking arbitration). I agree with these decisions.

5

And nothing in *Brickstructures, Inc. v. Coaster Dynamix, Inc.*, 952 F.3d 887 (7th Cir. 2020), relied on principally by the Plaintiff [DE 16 at 2], mandates a different result. In *Coaster Dynamix*, the Seventh Circuit upheld the district court's determination that the defendant waived its right to arbitrate. But the facts of *Coaster Dynamix* are nowhere close to the facts presented here. In *Coaster Dynamix*, the defendant did not invoke its arbitration agreement until it filed its second motion to dismiss. Then, under pressure from Brickstuctures' threat to seek sanctions, Coaster Dynamix withdrew its arbitration demand. *Coaster Dynamix, Inc.*, 952 F.3d at 888. When Coaster Dynamix renewed the arbitration demand in a motion to compel arbitration, the district court denied the resurrected request on the ground that the earlier withdrawal amounted to a waiver of the right to arbitrate. *Id*. Stating the obvious, *Coaster Dynamix* presents an entirely different situation from the one presently before me. There have been no dispositive motions filed in this case, the Defendants have raised arbitration in numerous filings, and, importantly, the Defendants have never withdrawn their demand to arbitrate.

In sum, the parties entered into a valid and enforceable agreement to arbitrate legal disputes arising out of or relating to Ms. O'Neal's employment. [DE 13-1, Ex. 1, Shaughnessy Decl.; DE 13-2, Ex. A to Shaughnessy Decl.; DE 13-3, Ex. B to Shaughnessy Decl.]. The claims asserted in this action fall squarely within those required to be arbitrated under the parties' agreement. Plaintiff does not dispute this, as her response fails to raise any argument to the contrary. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument – as [Plaintiff] ha[s] done here —

6

results in waiver."). Finally, O'Neal has refused to pursue arbitration, instead filing a lawsuit which has ended up in federal court. In this situation, enforcement of the agreement to engage in arbitration is appropriate.

**ACCORDINGLY**:

Defendants' Motion to Compel Arbitration and Stay Proceedings [DE 13] is **GRANTED**. The Parties are **ORDERED** to arbitrate this dispute as provided by the terms of their contract. This matter is **STAYED** pending resolution of the arbitration. The Clerk is **INSTRUCTED** to administratively **CLOSE THIS CASE** until such time as the Parties may notify the Court the case should be dismissed or reopened.

**SO ORDERED**.

ENTERED: July 23, 2025.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT