UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CYNTHIA O'NEAL, </br></br> Plaintiff, </br></br> v. </br></br> DISCOVERY INDIANA EMPLOYER, LLC, d/b/a DIGBY PLACE and DISCOVERY SENIOR LIVING HOLDINGS, LLC. </br></br> Defendants. | Cause No. 2:25-CV-75-PPS-JEM |

## **OPINION AND ORDER**

This matter is before the Court on Defendants' Motion for Attorneys' Fees Incurred in Preparing Defendants' Motion to Compel Arbitration. [DE 20]. The motion is fully briefed and ripe for ruling. [DE 20; DE 21; DE 22]. For the reasons explained below, the motion will be denied.

### Background

On January 27, 2025, Plaintiff Cynthia O'Neal initiated this lawsuit by filing a complaint in the Tippecanoe County Superior Court No. 2. [DE 6]. On February 18, 2025, Defendants removed this case to federal court. [DE 1]. On May 30, 2025, Defendants filed a Motion to Compel Arbitration and Stay Proceedings. [DE 13]. Defendants' motion was successful and on July 23, 2025, the Court granted the motion. [DE 19]. Defendants now seek an award of their attorney's fees incurred in relation to their successful motion to compel.

**Discussion**

Generally, in suits to compel one party to submit to arbitration, fees are awarded if the defaulting party acts without justification or the party resisting arbitration did not have a reasonable chance to prevail. *Certain Underwriters at Lloyd's, London v. Simon*, 2007 WL 3047128, at *7 (S.D. Ind. Oct. 18, 2007); *Hires Parts Serv., Inc. v. NCR Corp.*, 859 F. Supp. 349, 355 (N.D. Ind. 1994). However, this is not a case in which attorneys' fees and costs should be awarded. While Defendants are correct that Plaintiff acted inconsistent with the arbitration agreement by filing her lawsuit, it is not clear that Plaintiff had "no reasonable chance to prevail" when Defendants filed their motion to compel arbitration.

As pointed out in Plaintiff's response to the instant motion, Plaintiff's opposition to the motion to compel arbitration noted that Defendants took actions which could be viewed as inconsistent with their desire to arbitrate. Plaintiff's opposition notes that instead of filing a motion to compel arbitration in Tippecanoe County Superior Court, where this case began, Defendants instead removed the case to federal court. [DE 16 at 1]. Plaintiff's opposition also notes that Defendants took other actions which could be viewed as inconsistent with a desire to arbitrate such as requesting an extension of time to answer Plaintiff's complaint and participating in the Rule 26(f) planning meeting for the case. [*Id.* at 1-2]. Finally, Plaintiff's opposition pointed out that this litigation was pending for more than four months before a motion to compel arbitration was filed. [*Id.*

2

at 2]. While ultimately unsuccessful, Plaintiff's arguments against arbitration were not so completely without merit that there was no reasonable chance to prevail.

Defendants have also failed to point to any language in the arbitration agreement indicating that the parties have agreed to fee shifting. Absent such an agreement, the general rule is that each party is responsible for their own fees. *See, e.g., Certco, Inc. v. Int'l Bhd. of Teamsters, Loc. Union No. 695*, 722 F.3d 1097, 1100 (7th Cir. 2013) ("The American Rule, under which each side bears its own fees, governs disputes about arbitrability unless an exception applies"); *Johnson v. Harvest Mgmt. Sub TRS Corp.-- Holiday Ret.*, 2015 WL 5692567, at *7 (S.D. Ind. Sept. 25, 2015) (explaining that Indiana follows the American Rule on attorney's fees, meaning both parties pay their own fees).

All in all, an award of attorney's fees is not appropriate here.

**ACCORDINGLY**:

Defendants' Motion for Attorneys' Fees Incurred in Preparing Defendants' Motion to Compel Arbitration [DE 20] is **DENIED**.

**SO ORDERED**.

ENTERED: September 29, 2025.

    /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT